IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOSEPH LODUCA, A SOVEREIGN; | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01346-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| GOOGLE CORPORATION, ET AL.; | ) | |
| | ) | |
| Defendant, | ) | |

**STANDING PRACTICE ORDER FOR PRO SE CIVIL RIGHTS CASES**

This Order is intended to apply to all *pro se* cases filed by incarcerated plaintiffs who allege violations of their civil rights. The intention is to inform the parties, and in particular the *pro se* plaintiff, of the litigation procedures and responsibilities that commonly arise during the course of a lawsuit.

1. Pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, if applicable, the Court will review the complaint prior to service and may dismiss the complaint, or any portion of the complaint, it if is determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

2. In no event shall a prisoner proceed *in forma pauperis* in a civil action if the prisoner has on 3 or more prior occasions while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This is commonly referred to as the "three strikes rule." If at any time during this case it is determined that a prisoner has three strikes, the motion for *in forma pauperis*, if applicable, will be denied or in the event the plaintiff has been granted *in forma pauperis* status, such status will be revoked. If the plaintiff's *in forma*

*pauperis* status is denied or revoked, then he/she may proceed by paying the full $350.00 statutory fee, plus an administrative filing fee in the amount of $52.00, for a total of $402.00.

3. The plaintiff shall be notified by the Court if he/she is required to provide a copy of his/her entire complaint, including any exhibits and/or attachments, for EACH defendant named in the case.  The plaintiff must complete and provide the Court with a U.S. Marshal 285 form, a Notice of Lawsuit and Request for Waiver of Summons form (AO 398), and a Waiver of the Service of Summons form (AO 399) for EACH defendant named in the case.  The Court shall direct the U.S. Marshal to serve the complaint and all service forms if a Plaintiff has been granted in forma pauperis status or is incarcerated.  The Court will not order service by the U.S. Marshal until all required forms are completed by the plaintiff and returned to the Court.  The plaintiff should be aware that the Court cannot investigate the identity and whereabouts of a defendant.

4. The plaintiff must investigate and ascertain the names and addresses of any John or Jane Doe defendants as soon as possible, or they will be dismissed for failure to prosecute.

5. Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court may not contain an individual's full Social Security number or full birth date, the full name of a person known to be a minor, or a complete financial account number.  A filing may include (only if necessary) the last four digits of a Social Security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

6. The plaintiff is advised that no defendant is required to respond to the complaint until that defendant has accepted a copy of the complaint from the U.S. Marshal and has waived service, or has been served.  Therefore, a motion for default cannot properly be filed unless the

defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty (60) days after the Marshal's notice has been mailed, if service is waived pursuant to the notice, or twenty-one (21) days after being served.

7.  After the complaint is served, the plaintiff does NOT have to serve a copy of any document he/she files in the case on each defendant.  The plaintiff shall file only the original of any pleading or other document with the Clerk of Court. Upon the filing of a pleading or other document, the Court's ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with that case. Transmission of the Notice of Electronic Filing constitutes service of the filed document. Any party who is not a registered user of the Court's ECF system is entitled to receive a paper copy of any pleading or other document from the party making such filing. Service of such paper copy must be made according to the Local Rules of this Court and the Federal Rules of Civil Procedure.  If the plaintiff wishes to have proof that a document was received / filed by the Court, then he/she must send an extra copy of the document with a self-addressed, postage-paid envelope.  The extra copy will be date stamped by the Clerk's Office and returned in the self-addressed, postage-paid envelope.

8.  Federal Rule of Civil Procedure 11 requires that any filing signed by any party must comply with certain standards.  Among these is that statements or allegations of fact must be true or have evidentiary support.  This requirement applies to the complaint which the plaintiff has already submitted for filing as well as to any future filings and submissions by any party.

9.  If the plaintiff seeks to amend his initial complaint, then he/she may be able to do so by filing an amended complaint in accordance with Federal Rules of Civil Procedure 15.  Rule 15 allows a plaintiff to file one amended complaint without leave of court prior to any defendant

filing a responsive pleading or within twenty-one (21) days after service of a motion under Federal Rule of Civil Procedure 12(b), (e) or (f). If a plaintiff wishes to file an amended complaint after this point, then he/she must file a motion requesting leave to file an amended complaint and attach a copy of the proposed amended complaint to his/her motion. An amended complaint must be complete in itself. It cannot reference any prior complaint and any allegations or defendants that are not included in the amended complaint will be considered dismissed.

10. If the defendant(s) files a motion pursuant to Federal Rule of Civil Procedure 12(b), (e), or (f), no discovery will take place until after the motion has been ruled on by the Court. If the case survives these motions, then the defendant(s) will file an answer to the complaint in accordance with Federal Rule of Civil Procedure 12(a)(4).

11. After all defendants have filed answers to the complaint, the Court will enter a Case Management Order specifying the deadlines for discovery and the filing of summary judgment motions under Federal Rule of Civil Procedure 56. In the Case Management Order, the defendant(s) will be directed to provide limited discovery to the plaintiff. The plaintiff will then be given instructions on how to ask for additional discovery by first filing his request with the Court. <u>The plaintiff cannot send any requests for discovery directly to the defendant(s).</u>

12. There is no right to counsel in a civil case. If, however, the plaintiff's case survives summary judgment, then the Court may, in certain circumstances, direct the Clerk of Court to request an attorney to consider entering an appearance on behalf of the plaintiff.

13. Unless the plaintiff is licensed to practice law, he cannot file a complaint on behalf of, or represent any other person.

14. Any and all communication with the Court shall be in the form of a pleading or motion that shall be filed with the Clerk of Court. All pleadings and motions must contain a

caption with the Court's name and the case number (if one has been assigned). All pleadings and motions must also contain a heading with the title of the pleading (i.e., Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss) or requested relief (i.e., Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss). Copies of pleadings and motions shall not be sent directly to the judge's chambers. Additionally, the plaintiff should not send letters /correspondence directly to the judge, as they will not be acknowledged or considered by the Court.

15.     Any pleading or other document filed with the Clerk of Court must comply with all of the provisions of Local Rule of Civil Procedure 5.1 including, but not limited to, printing on only one side of a page and paper size of 8 ½ x 11 inches. There should be no highlights on any document submitted for filing as it will not appear correctly when scanned and docketed. Any document submitted to the Clerk's Office becomes property of the Court and will not be returned to the plaintiff. Therefore, the plaintiff should maintain the originals for his/her own records and only submit copies to the Clerk.

16.     The plaintiff is not entitled to free copies even if he/she is proceeding *in forma pauperis*. If the plaintiff wishes to have copies made of any document that has been filed in the case, then he/she must include with such request the appropriate amount of funds. The Clerk of Court will provide copies of documents at a rate of ten cents ($0.10) per page for electronic documents and fifty cents ($0.50) per page for paper documents.

17.     The plaintiff is advised that at the conclusion of this lawsuit, if it should end with a result favorable to the defendant(s), judgment may be entered against him/her for all of the costs incurred by the defendant(s) in defending this action.

18.     **The plaintiff is under a continuing obligation to notify the Court of any**

**change of his/her address by filing a separate document entitled "Notice of Change of Address." Failure to do so may result in the dismissal of the case if the Court or defendant(s) are not able to serve documents upon the plaintiff because he/she has not kept his address of record current.**

19.  All civil rights cases filed by incarcerated individuals are assigned only to a magistrate judge by the Clerk of Court.  The plaintiff and the defendant(s) will be asked to execute and file with the Clerk's Office a selection form either consenting to the jurisdiction of the magistrate judge or electing to have the case randomly assigned to a district judge.  If any party elects to have the case assigned to a district judge, the magistrate judge continues to manage the case by deciding non-dispositive motions and submitting reports and recommendations on dispositive motions, unless otherwise directed by the district judge.  Choosing either option does not affect your right to a jury in cases where you have a right to trial by jury.  The United States Court for the Western District of Pennsylvania strongly encourages your voluntary participation and cooperation in the expanded use of the magistrate judges as judicial officers with full authority to manage and ultimately dispose of civil actions.

DATED:  10/8/2021            BY THE COURT:


                             s/Cynthia Reed Eddy
                             Chief United States Magistrate Judge